UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLUE CROSS OF CALIFORNIA, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | No.  2:20-cv-01569-JAM-JDP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS** |

　　　This matter is before the Court on San Joaquin General Hospital's ("Plaintiff") Motion to Remand, Mot. to Remand, ECF No. 5, and Blue Cross of California's ("Defendant") Motion to Dismiss, Mot. to Dismiss, ECF No. 6.  Defendant filed an opposition to Plaintiff's Motion to Remand, Def.'s Opp'n, ECF No. 10, to which Plaintiff replied, Pl.'s Reply, ECF No. 14. Plaintiff filed an opposition to Defendant's Motion to Dismiss, Pl.'s Opp'n, ECF No. 11, to which Defendant replied, Def.'s Reply, ECF No. 15.  After consideration of the parties' written arguments on the motions and relevant legal authority, the Court GRANTS Plaintiff's Motion to Remand and DENIES Defendant's Motion to Dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 10, 2020.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff alleges that, beginning March 2018, it rendered services to numerous patients who were members of a health plan sponsored, administered, and/or financed by Defendant. Compl. ¶ 7, ECF No. 1-A. Plaintiff claims it contacted Defendant to verify its responsibility for the costs associated with the services rendered. Compl. ¶ 8. In response, Defendant confirmed it was the payor and authorized Plaintiff to perform the services. Compl. ¶¶ 9-11. When Plaintiff submitted a bill for those services, Defendant only partially paid. Compl. ¶¶ 13-14. Plaintiff then brought this action for breach of implied-in-fact contract, quantum meruit, and breach of oral contract in the San Joaquin Superior Court to recover the full amount. See generally, Compl. Defendant removed the case to federal court based on federal question jurisdiction, claiming Plaintiff's state-law claims were completely preempted under the Employee Retirement Income Security Act ("ERISA"). See Notice of Removal at 3, ECF No. 1. Plaintiff now seeks remand back to state court and Defendant moves to dismiss the case. Mot. to Remand; Mot. to Dismiss.

II.   OPINION

A.   Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state to federal court if there is subject matter jurisdiction over the case. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). Courts strictly construe the removal statute against removal and federal jurisdiction

2

must be rejected if there is any doubt as to the right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

    B.   Analysis

    Federal question jurisdiction generally exists when a federal question is presented on the face of a plaintiff's well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). However, when a federal statute, such as ERISA, completely preempts the state-law cause of action "that complaint is converted from an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009) (internal quotation marks and citation omitted). Under the Supreme Court's decision in Davila, a state-law cause of action is completely pre-empted by ERISA if (1) the claim, at some point in time, could have been brought under ERISA § 502(a)(1)(B) and (2) where there is no other independent legal duty that is implicated by a defendant's actions. Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004).

    The Court finds Marin instructive. In that case, a hospital allegedly phoned the administrator of an ERISA plan to confirm a prospective patient had insurance. Marin, 581 F.3d at 943. The hospital claimed the administrator orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses. Id. When the hospital

1 billed the plan for the services, the plan only partially paid.
2 Id.  The hospital then filed suit in California state court
3 alleging breach of an implied contract, breach of an oral
4 contract, negligent misrepresentation, quantum meruit, and
5 estoppel.  Id.  The defendant removed the suit to federal court
6 on the ground that ERISA completely preempted the hospital's
7 claims, and the hospital moved to remand.  Id.

        1.    Davila's First Prong

9     Applying Davila, the Ninth Circuit held that the hospital's
10 state-law claims had not been completely preempted, making
11 removal improper.  Id.  In so holding, the Court found that the
12 first prong of Davila was not satisfied, as the hospital's
13 claims could not have been brought under § 502(a)(1)(B) of
14 ERISA.  Id. at 947.  The Court reasoned that because the
15 hospital was alleging it was owed additional payments under a
16 contract formed between itself and the administrator, it was not
17 a breach that their patients could assert through the ERISA
18 plans.  See id. at 948.  In contrast with Davila, where the
19 patients complained "only about denials of coverage promised
20 under the terms of [their] ERISA-regulated employee benefit
21 plans," Davila, 542 U.S. at 211, the hospital in Marin was
22 complaining about a denial of payment promised under the terms
23 of its own non-ERISA agreement with the administrator.  Marin,
24 581 F.3d at 947.

25     Similarly, here, Plaintiff is not claiming it is owed
26 additional payments from Defendant based on the patients' ERISA
27 plans.  See generally Compl.; see also Pl.'s Mot. at 11.
28 Instead, Plaintiff is claiming it is owed this money because of

4

an alleged separate contract formed between itself and Defendant. See generally Compl.  Like in Marin, the patients could not assert this claim as "the patients simply are not parties to the provider agreements between the [hospital] and Blue Cross." Marin, 581 F.3d at 948 (internal quotation marks and citation omitted).  Because the patients themselves could not bring this claim under ERISA, neither could Plaintiff as an assignee of the patients' rights.  See Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc., 187 F.3d 1045, 1051 (9th Cir. 1999) ("[P]rovider-assignee stands in the shoes of the beneficiary, [and hence] has standing to sue under § 502(a)(1)(B) to recover benefits due under the plan.").

Defendants argue that because Plaintiff could have sought additional payments as an assignee of benefits under the ERISA plans, the first Davila prong is satisfied.  Def.'s Mot. at 14. However, the Marin Court rejected this same argument.  See Marin, 581 F.3d at 948-49.  The Ninth Circuit found that, while the hospital may have had a claim under ERISA, that did not preclude it from bringing "some other suit against Blue Cross based on some other legal obligation." Id. at 948.

Here, Plaintiff pled a breach of contract and quantum meruit claim arising from interactions between itself and Defendant.  See Compl. ¶¶ 16-38.  As in Marin, Plaintiff is not suing based on any assignment from the patients of their rights under ERISA, but rather on its own right pursuant to an independent obligation.  Pl.'s Mot. at 11.  Thus, Plaintiff's "state-law claims based on its alleged [contract] were not brought, and could not have been brought, under § 502(a)(1)(B),"

5

and the first prong of Davila is not satisfied.  Marin, 581 F.3d at 949.

### 2. Davila's Second Prong

The Court in Marin also found the second Davila prong was not met because the alleged contract imposed an independent legal duty on the defendants to pay the hospital.  Id.  The Court noted that the state-law claims were not based on an obligation under an ERISA plan and would exist regardless of the plans.  Id. at 950.  As such, they were based on independent legal duties within the meaning of Davila.  Id.

Like in Marin, Plaintiff has alleged a contract was formed between itself and Defendant.  Compl. ¶¶ 17-38.  Such a contract would create a claim for payment from Defendant regardless of the ERISA plans.  Defendant tries to distinguish Marin by arguing that the claims administrators in Marin, unlike in this case, agreed to pay a specific amount.  Def.'s Opp'n at 18. Thus, Defendant argues Plaintiff "cannot dispute that Blue Cross' payment of claims for medical services rests entirely on the plans."  Def.'s Opp'n at 21.  The Court disagrees.  Lack of an agreement to pay a specific amount, does not mean Plaintiff's only claim for payment is under the ERISA plans.  See San Joaquin Gen. Hosp. v. United Healthcare Ins. Co., No. 216CV01904KJMEFB, 2017 WL 1093835, at *3 (E.D. Cal. Mar. 23, 2017)(denying defendant's motion to dismiss plaintiff's oral and implied-in-fact contract claims despite lack of agreement on price because the court can fill in such a gap).  Plaintiff has alleged it is entitled to full reimbursement from Defendant because of an implied-in-fact contract, oral contract, and

quantum meruit, not because the ERISA plans so require. See generally Compl. While the lack of specificity regarding price may affect the merits of Plaintiff's claims, it "does not change the fact that those theories, as pleaded, do not implicate any duty under ERISA." Alta L.A. Hosps., Inc. v. Blue Cross of Cal., No. 217CV03611ODWMRWX, 2017 WL 3671156, at *3 (C.D. Cal. Aug. 24, 2017). Because Plaintiff's state-law claims do not derive from an obligation under ERISA, they are based on independent legal duties within the meaning of Davila. See Marin, 581 F.3d at 950. As such, prong two of Davila is not satisfied.

Because Plaintiff's state-law claims could not have been brought under ERISA § 502(a)(1)(B), and are based on independent legal duties, they are not completely preempted. See Davila, 542 U.S. at 210. Accordingly, removal was improper, and this case is remanded back to state court.

### III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this case to the San Joaquin Superior Court. The Court DENIES AS MOOT Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated: November 24, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7